# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:18-CV-81755-ROSENBERG

BERNARD WRIGHT,

    Plaintiff,

v.

THE CITY OF BOYNTON BEACH,

    Defendant.
_____/

## ORDER DISMISSING COMPLAINT

**THIS CAUSE** is before the Court upon Plaintiff's Complaint. Because Plaintiff is proceeding in this case in forma pauperis,[1] Plaintiff's Complaint is subject to screening by this Court. *See* 28 U.S.C. § 1915.

This case is the second case that Plaintiff has brought against Defendant. Plaintiff's first case was assigned case number 18-CV-80866. In case 18-CV-80866, Plaintiff brought the same allegations against Defendant that Plaintiff brings in the instant case—that Defendant has engaged in a racially discriminatory practice by raising the dollar amount necessary to enroll children in a certain summer camp. Plaintiff's allegations, however, fail to state a claim and do not comply with the Federal Rules of Civil Procedure. The Court explained to Plaintiff in case 18-CV-80866 why his allegations were deficient, and nothing has changed in the interim.[2] The Court sets forth below the Court's prior order of dismissal in case 18-CV-80866:

> Plaintiff alleges that a summer-camp admission fee increase amounted to an act of racial discrimination. Upon review of Plaintiff's Complaint, the Court ordered Plaintiff to provide case law wherein a fee, racially neutral on its face, was found to be an act of racial discrimination. In response, Plaintiff cited to *Olzman v. Lake*

---

[1] Plaintiff's Motion to Proceed in Forma Pauperis at docket entry 3 is granted.
[2] In case 18-CV-80866, Plaintiff was represented by counsel. Plaintiff is *pro se* in the instant case.

*Hills Swim Club, Inc.*, 495 F.2d 1333 (2d Cir. 1974). In *Olzman*, minority children were invited to an exclusive swimming pool. *Id.* at 1336-38. Immediately after the minority children swam in the pool, the committee overseeing the pool called a meeting and, at that meeting, members made proposals for various ways in which the children could be kept from returning to the pool. *Id.* Ultimately a rule, racially neutral on its face, was enacted at that meeting. *Id.* The minority children were prevented from the full of enjoyment and use of the pool by virtue of that rule. *Id. Olzman* demonstrates what is missing from the instant case—non-conclusory allegations.

Here, Plaintiff has alleged nothing more than a fee increase at a facility located in a poor neighborhood. Because a significant percentage of the neighborhood is black, Plaintiff alleges that the fee increase is equivalent to racial discrimination. But that is all Plaintiff alleges. Plaintiff has not alleged why the fee was changed, how the fee was changed, the background to the fee change, or the motivations of the individual(s) who increased the fee. There are no facts to support Plaintiff's allegation of racial discrimination. Federal pleading standards require more. A plaintiff is obligated to provide the factual grounds of his or her entitlement to relief which requires more than labels, conclusions and a formulaic recitation of the elements of a cause of action. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 561-563 (2007).

Here, if Plaintiff's Complaint stated a claim, it would mean that any time a fee is increased in a poor neighborhood a prima facie claim of racial discrimination has accrued. Pursuant to *Twombly*, there must be some factual allegation for the Court to infer discriminatory animus.

As in case 18-CV-80866, Plaintiff has failed to make any non-conclusory allegations. Plaintiff does not allege any facts as to why the fee in this case was raised, how the fee was raised, the background to the fee change, or the motivations of the individual(s) who increased the fee. After the Court's dismissal in case 18-CV-80866, counsel for Plaintiff informed the Court that she would engage in due diligence so that she could file non-conclusory allegations in accordance with her obligations to this Court under Rule 11 of the Federal Rules of Civil Procedure. Nonetheless, there is no new information in the instant Complaint. For the same reasons that Plaintiff's Complaint was dismissed without prejudice in case 18-CV-80866, it is dismissed again, without prejudice, in the instant case.

Plaintiff shall have five days from the date of rendition of this Order to amend his Complaint. In the event Plaintiff does not amend his Complaint, the Court will close this case.

**DONE AND ORDERED** in Chambers, Fort Pierce, Florida, this 14th day of January, 2019.

Copies furnished to:
Counsel of record

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE